[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12104
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 94-03122-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY CURTIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 7, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Curtis, a federal prisoner convicted of crack cocaine offenses, appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine offenses. Curtis argues that the district court should have applied Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to reduce his guideline range in recognition of the disparate treatment between cocaine and crack cocaine. He also argues that the district court erred in holding him accountable for six kilograms of crack cocaine because it should have considered only the drugs that were distributed after he joined the conspiracy.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A reduction of a term of imprisonment is not "consistent with

2

applicable policy statements issued by the Sentencing Commission"—and is, therefore, not authorized under § 3582(c)(2)—if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Here, the district court properly denied § 3582 relief because Curtis's guideline range was not lowered as a result of Amendment 706 because he was held accountable for more than 4.5 kilograms of crack cocaine, and Amendment 706 only lowered base offense levels for quantities of crack cocaine less than 4.5 kilograms. See James, 548 F.3d at 986 (holding that the defendant was not entitled to a reduction in sentence because he had been held accountable for more than 4.5 kilograms of crack cocaine, and Amendment 706 did not lower his guideline range). Furthermore, Curtis's argument that the court improperly attributed more than 4.5 kilograms of crack cocaine to him is meritless because the district court must keep all the original factual findings the same during § 3582 proceedings, and he was held accountable for 6 kilograms at sentencing. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (holding that proceedings under § 3582 do not constitute a de novo resentencing, and "all original sentencing determinations remain unchanged"). Additionally, Curtis's arguments under Booker and Kimbrough fail because those cases are not

retroactively applicable guideline amendments and cannot be a jurisdictional basis for § 3582 relief. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009), cert. denied, (U.S. May 18, 2009) (No. 08-8664) (holding that neither Booker nor Kimbrough render a guideline range advisory in the context of a § 3582 proceeding, whether or not the guideline range is reduced by a sentencing amendment); United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (holding that Booker did not provide a jurisdictional basis for § 3582 relief because it was not a sentencing amendment). Therefore, the district court properly denied the § 3582 motion, and we affirm.

**AFFIRMED.**